**JUDGE BUCHWALD**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CV 7533**

------------------------------------------------------------ x

DOUGLAS CANTY,

                              Plaintiff,      **COMPLAINT AND**

     -against-                                          **JURY DEMAND**

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, POLICE OFFICER MOLINA
310156, JOHN DOE ##1-5

                              Defendants.



RECEIVED
CASE AUG 2 5 2008
U.S.D.C. S.D.N.Y.
CASHIERS

------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from an October 19, 2007 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, assault, battery, and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within the boundaries of the Southern District of New York and a substantial portion of the events complained of occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("Kelly") was at all times here relevant the Commissioner of the New York City Police Department ("NYPD"), and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. Kelly is sued in his individual and official capacities.

10. All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual capacities.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

12. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

13. On October 19, 2007, plaintiff was sitting in a stairwell within 1304 Merriman Ave, Bronx, NY when he was arrested and handcuffed by police officers. After his arrest, officers struck him in his body. Plaintiff was brought to the police vehicle where officers struck plaintiff's head into the door repeatedly. Eventually at the 44th precinct, plaintiff was struck in the face and lost consciousness.

14. Plaintiff was taken to Lincoln Medical Center where he received treatment for several lacerations to the face, swollen eyes and other injuries. Plaintiff received several stitches that remained in his face for approximately two weeks until properly healed.

15. Officers fabricated an allegation that plaintiff was assaulted by another inmate in the holding pen inside the 44th precinct.

16. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff, and agreed, shortly after the incident, not to report each others' illegal actions and to fabricate a story to justify plaintiff's injuries.

17. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

18. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

c. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

e. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

f. Loss of liberty;

g. Physical pain and suffering;

### FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

19. The above paragraphs are here incorporated by reference.

20. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983.

21. Plaintiff has been damaged as a result of defendants' wrongful acts.

### SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

22. The above paragraphs are here incorporated by reference.

23. The City and Kelly are liable for the damages suffered by plaintiff as a result of their failure to discipline, train and supervise the officers, and as a result of the policies and practices

that Kelly has been personally involved in developing.

24. The City and Kelly knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above, but failed to take actions to correct such propensities.

25. The aforesaid event was not an isolated incident. The City and Kelly have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers use excessive force without fear of discipline. Similarly, the City and Kelly are aware that police officers are insufficiently trained on how to avoid using excessive force, and that police officers are insufficiently disciplined for uses of excessive force. The City and Kelly are further aware that a "wall of silence" exists by which police officers assault citizens without fear of reprisal. The City and Kelly fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices, perjury, and incredible testimony go uncorrected. Additionally, the City and Kelly have isolated the City's law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City and Kelly are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City and Kelly have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

26. The City and Kelly have failed to take at all adequate steps to discipline, train,

supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

27. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City and of Kelly to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

28. The City and Kelly have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

### THIRD CAUSE OF ACTION
### (ASSAULT)

29. The above paragraphs are here incorporated by reference.

30. Upon approaching plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

31. Defendants are liable to plaintiff under the common law.

32. Plaintiff was damaged by defendants' assault.

### FOURTH CAUSE OF ACTION
### (BATTERY)

33. The above paragraphs are here incorporated by reference.

34. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

35. Defendants used excessive and unnecessary force with plaintiff.

36. Defendants are liable to plaintiff under the common law.

37. Plaintiff was damaged by defendants' battery.

6

## FIFTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

38. All preceding paragraphs are here incorporated by reference.

39. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

40. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## SIXTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

41. The preceding paragraphs are here incorporated by reference.

42. The officers' common law tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

43. As a result of the officers' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

## SEVENTH CAUSE OF ACTION
### (NEGLIGENT HIRING)

44. The above paragraphs are here incorporated by reference.

45. The officers had a bad disposition and the City of New York knew or should have known of facts that would have led reasonable and prudent people to further investigate the officers' bad dispositions through the hiring and retention process.

46. The City knew or should have known that its failure to investigate the officers' bad dispositions would lead to plaintiff's injury.

47. Defendants were negligent in their hiring and retaining the officers involved in this case

7

in that they knew or should have known of the officers' propensity to use excessive force.

48. The injury to plaintiff was caused by the officers' foreseeable use of excessive force.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: Brooklyn, New York
August 25, 2008

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Police Commissioner Raymond W. Kelly
1 Police Plaza
Room 1406
New York, NY 10006

Detective Melvin Molina
Retired
1 Police Plaza
New York, NY 10006

Very truly yours,

*Nicole Bellina* (signature)

Stoll, Glickman & Bellina, LLP
By: Nicole Bellina (NB7154)
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-4491
nicole_bellina@yahoo.com

8